EXHIBIT L



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington Field Office

131 M Street, NE, #4NW02F
Washington, D.C. 20507
(202) 419-0713
TTY (202) 419-0702
FAX (202) 419-0740
Toll Free (866) 408-8075
General Information (800) 669-4000

Charge No. 570-2008-01948

Catherine Herridge                                  Charging Party
220 M St., S.W.
Washington, D.C. 20024

Fox News Network LLC                                Respondent
400 North Capitol St., N.W.
Suite 550
Washington, D.C. 20001

## DETERMINATION

On behalf of the Commission, I issue the following determination on the merits of the subject Charge filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Equal Pay Act of 1963, as amended ("EPA"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"). Timeliness and all other requirements for coverage have been met.

Charging Party alleges that she was discriminatorily demoted based on her sex and age and was denied equal wages based on her sex. Charging Party further alleges that after she complained of discrimination, she was denied preferable assignments, was denied opportunities for promotion, and was presented with a new employment contract that contained retaliatory language. Charging Party also alleges that a class of individuals was discriminatorily denied promotions based on their sex, race, and national origin.

Respondent denies the allegations.

The evidence obtained in the investigation supports a finding that Respondent retaliated against Charging Party, in violation of Title VII, the EPA, and the ADEA, because Charging Party opposed discrimination. For example, the evidence shows that Charging Party complained of discrimination on several occasions, and within close proximity of one of those complaints, the Respondent disseminated a company-wide email discouraging employee complaints. In addition, Respondent included new language in Charging Party's proposed employment contract that referenced Charging Party's allegations of discrimination and contributed to the delay in contract negotiations, which resulted in Charging Party working without an employment contract and being denied full wages. Respondent's actions in response to Charging Party's opposition to discrimination caused Charging Party harm and are reasonably likely to deter employees from exercising their right to oppose discrimination.

Based on the foregoing, I find that there is reasonable cause to believe that Charging Party was subjected to retaliation in the terms and conditions of employment and with respect to wages, in violation of Title VII, the EPA, and the ADEA.

With respect to Charging Party's allegations that she was demoted, denied equal wages, denied assignments, and denied promotion based on her sex, age, or in retaliation, or that a class of individuals was discriminatorily denied promotions, there is insufficient evidence to establish a violation of the statutes as to these allegations. This does not, however, certify that Respondent is in compliance with Title VII, the EPA, and the ADEA as to these allegations.

Upon finding that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of the matter. The confidentiality provisions of Sections 706 and 709 of Title VII and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

3/31/10
Date

Mindy E. Weinstein
Acting Director
Washington Field Office

CC: Tina Maiolo
Carr Maloney P.C.
1615 L St., N.W.
Suite 500
Washington, D.C. 20036

Barry Asen
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177